UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT ALDRICH,
    Plaintiff,

v.   Civil Action No. 09-11513-EFH

JAMES DIPAOLA, ET AL.,
    Defendants.

MEMORANDUM AND ORDER

HARRINGTON, S.J.

On February 8, 2010, this Court issued a Memorandum and Order (Docket No. 6) directing Plaintiff to demonstrate good cause in writing why this action should not be dismissed in its entirety for the reasons stated therein, within 42 days.

In lieu of a show cause Response to the Memorandum and Order, on March 26, 2010, Plaintiff filed a Motion for Voluntary Dismissal (Docket No. 8), seeking to dismiss this action until he receives a favorable termination in accordance with the rule of Heck v. Humphrey, 512 U.S. 477 (1994), from the Massachusetts Supreme Judicial Court regarding Mass. Gen. Laws ch. 276, §§ 55-58, 87 and ch. 303, §§ 7-8.

Without determining the applicability of the favorable termination rule of Heck and its progeny to this action, and without ruling on the various legal impediments to Plaintiff's claims as outlined in the Memorandum and Order (Docket No. 6), this Court hereby ALLOWS Plaintiff's Motion for Voluntary Dismissal (Docket No. 8), deeming it to be an unconditional request for dismissal at this time pursuant to Fed. R. Civ. P. 41(A)(1).[1] This dismissal is without prejudice.[2]

---

[1] For purposes of the applicability of the three-strikes rule of 28 U.S.C. § 1915(g), this Order is not intended as a dismissal of this action on the merits.

[2] Additionally, should it be necessary for statute of limitations purposes, the Court intends that any subsequent Complaint filed by Plaintiff (alleging the same claims and asserting that he received a favorable termination) be deemed to "relate back" under Fed. R. Civ. P. 15(c).  See

Accordingly, this action is DISMISSED and the Clerk shall terminate this action on the dockets of this Court.

SO ORDERED.

/s/ Edward F. Harrington
SENIOR DISTRICT JUDGE

DATED: April 6, 2010

---

Lacedra v. Donald W. Wyatt Detention Facility, 334 F. Supp. 2d 114, 128 (D.R.I. 2004) (the trial court has discretion to determine "whether or not an amended pleading relates back to the date of the original" citing Shea v. Esenten, 208 F.3d 712, 720 (8th Cir. 2000). While this approach (*i.e.*, deeming a new civil action to relate back) is generally disfavored, see Neverson v. Bissonnette, 261 F.3d 120, 126 (1st Cir. 2001), under limited circumstances, where the policy behind Rule 15(c) is satisfied, relation back of a new action is permissible. See Marcoux v. Shell Oil Products Co. LLC, 524 F.3d 33, 42 (1st Cir. 2008). In this instance, in light of the modification of application of the Heck rule with respect to pretrial detainees, see Wallace v. Kato, 549 U.S. 384 (2007), this Court considers this approach to be sound, insofar as an alternative would be to stay this action for an indefinite period of time until Plaintiff received a ruling on his state challenges.